UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER LAWRENCE GRIFFIN,<br>  Petitioner,<br>v.<br>BRANDON PRICE,<br>  Respondent. | Case No. 21-07661 EJD (PR)<br>**ORDER OF TRANSER** |

Petitioner, a state patient at the Coalinga State Hospital, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the retroactive application of the "SVPA" (Sexually Violent Predator Act). Dkt. No. 1. Coalinga State Hospital lies in Fresno County, which is within the jurisdiction of the Eastern District of California. *See* 28 U.S.C. § 84(b).

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Motions contesting the legality of a federal conviction or sentence must be filed pursuant to 28 U.S.C. § 2255 in the sentencing court (here, the Eastern District of California). Id. at

864; see 28 U.S.C. § 2255(a). In contrast, challenges to the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court (here, the Eastern District of California). Hernandez, 204 F.3d at 864.

Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973), made clear that "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." Chatman-Bey v. Thornburgh, 864 F.2d 804, 814 (D.C. Cir. 1988); see also McCoy v. United States Bd. of Parole, 537 F.2d 962, 966 (8th Cir. 1976) ("Once the custodian of the petitioner is properly served, the question is no longer jurisdictional, but one of the most convenient forum for litigation"). Federal courts generally take the position that the district of confinement "is normally the forum most convenient to the parties," McCoy, 537 F.2d at 966, and therefore exercise discretion in transferring petitions to the district of confinement "in the interests of justice" pursuant 28 U.S.C. § 1404(a). See id.; see also Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where district court has personal jurisdiction over custodian, preferred forum is district where petitioner is confined). This practice is supported by the fact that a prisoner's records follow him to the place of incarceration and in that it promotes uniformity in the filing of Section 2241 petitions; in contrast, a system that allows a prisoner in California to challenge the execution of his federal sentence in any of the four district courts within the state, since they all have personal jurisdiction over any California custodian, works against this. A transfer to the district of confinement on convenient forum grounds is therefore preferable as long as no undue delay is created. See Chatman-Bey, 864 F.2d at 814.

The Eastern District of California, where Petitioner is currently confined, appears to be the proper forum for this habeas petition. In the interests of justice, this Court exercises its discretion to TRANSFER the petition forthwith to the Eastern District of California. See 28 U.S.C. § 1406(a); Habeas L.R. 2254-3(b)(1).

The Clerk shall terminate all pending motions and transfer the entire file to the

2

Eastern District of California.

**IT IS SO ORDERED.**

Dated: __10/8/2021_____

_____
EDWARD J. DAVILA
United States District Judge

Order of Transfer
PRO-SE\EJD\HC.21\07661Griffin_transfer(ED)

3